**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10507 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00506-LEK-10 |
| v. | |
| WALTER DOMINGUEZ, AKA LUK 135, AKA Paisa, AKA W, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 12, 2016
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Walter Dominguez appeals his conviction for possession of, and conspiracy

to possess and distribute, cocaine and methamphetamine. Dominguez argues that

various trial errors warrant dismissal of the indictment. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The government concedes that it was "sloppy, inexcusably tardy, and almost grossly negligent" and does not dispute the district court's findings that it committed numerous *Brady*, *Giglio*, Jencks Act, and Rule 16 violations. The district court imposed increasingly severe sanctions to address these violations. Dominguez argues that the court's sanctions were not sufficient and contends that the district court abused its discretion by denying his motions to dismiss the indictment.

We disagree. A district court may dismiss an indictment when a defendant's right to due process is violated, or, under its supervisory powers, for "flagrant" conduct resulting in "substantial prejudice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993). The government's conduct did not violate Dominguez's due process rights because it was not "so grossly shocking and outrageous as to violate the universal sense of justice." *Id*. The district court's factual finding that the government did not act "flagrantly" was not clearly erroneous, *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991), nor did the district court abuse its discretion by deciding that Dominguez did not suffer "substantial prejudice," *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991). This case is distinguishable from *United States v. Chapman*, in which we affirmed dismissal of an indictment because the prosecutor acted "flagrantly" and the defendant

suffered substantial prejudice such that the judge "d[idn]'t see any way th[e] trial c[ould] go forward." 524 F.3d 1073, 1080 (9th Cir. 2008). Here, the district court determined that any prejudice from the violations could be minimized by granting a continuance to allow the defense to review late-produced evidence, recalling government witnesses, instructing the jury why the trial was being delayed and the witnesses recalled, allowing the defense to give second opening statements after the government rested, and striking some of the government's key testimony. Given the "substantial deference" we owe the district court—which is "most familiar with the evidence and the background of the case on trial"—we find no abuse of discretion in its decision to impose sanctions rather than dismiss the indictment. *Id.* at 1083 (quoting *Arizona v. Washington*, 434 U.S. 497, 514 (1978)).

As to Dominguez's other allegations, the district court did not plainly err by refusing to dismiss the indictment based on the government's comment in closing argument regarding whether "the guilty [should] go free." This comment was a reflection of the evidence presented, not a suggestion that "evidence not presented to the jury, but known to the prosecutor, support[ed] the charges against the defendant." *United States v. Weatherspoon*, 410 F.3d 1142, 1147–48 (9th Cir. 2005) (quoting *United States v. Young*, 470 U.S. 1, 18 (1985)).

3

The district court did not abuse its discretion by refusing to compel production of John Tai's journals. Aside from speculation, Dominguez did not explain why Tai's journals would be relevant to the issues at trial. *See United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (noting that Federal Rule of Criminal Procedure 17(c) "requires a showing of relevancy, admissibility, and specificity" before a court will compel production). Nor did the district court abuse its discretion by conditioning Dominguez's theory of defense instruction on reintroduction of Tai's testimony. The district court struck Tai's testimony as a sanction, but it ruled that the government would be allowed to reintroduce the testimony if the defense referred to Tai's testimony in its case. Given the district court's "broad discretion" to determine whether and what sanctions to impose, this was not error. *See United States v. Sterling*, 742 F.2d 521, 524–25 (9th Cir. 1984).

The district court did not abuse its discretion by admitting video and audio recordings of Dominguez's meeting with a cooperating witness or by admitting evidence of his past conviction for conspiracy to sell cocaine. Dominguez's statements were admissible as statements "offered against an opposing party," Fed. R. Evid. 801(d)(2)(A), and the witness's statements were admissible to provide context for Dominguez's statements, *id.* 801(c). Dominguez's prior conviction

4

was admissible to prove his knowledge, intent, or absence of mistake in engaging in the enterprise. *Id.* 404(b).

Last, because there was no individual error at trial, there was not cumulative error sufficient to violate Dominguez's due process rights. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004). We observe that even if a "residue of prejudice" remained after the court imposed significant sanctions, the government's evidence against Dominguez was overwhelming. *United States v. Berry*, 627 F.2d 193, 200–01 (9th Cir. 1980) (recognizing that the court must "affirm a conviction if there is overwhelming evidence of guilt").

AFFIRMED.